NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3147

CLYDE B. WASHBURN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 17, 2006

_____

Before LOURIE, SCHALL, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge LOURIE. Dissenting opinion filed by Circuit Judge DYK.

LOURIE, Circuit Judge.

## DECISION

Clyde B. Washburn ("Washburn") appeals from the final decision of the Merit Systems Protection Board ("the Board") affirming the decision of the Office of Personnel Management ("OPM") that denied his request for military service credit under the Civil Service Retirement System ("CSRS"). Washburn v. Office of Pers. Mgmt., DC-0831-05-0557-I-1 (M.S.P.B. Jan. 19, 2006). Because we see no error in the Board's

determination that Washburn failed to establish that he was entitled to the requested benefit, we affirm.

BACKGROUND

Washburn retired from the Department of the Army on May 3, 2003 with a military service time credit of one year and twenty-two days. Washburn did not make a deposit payment for an annuity attributable to that one year and twenty-two day active-duty service time prior to retiring, and his CSRS annuity payment was reduced at age sixty-two when he became eligible for Social Security because his military service credit was no longer included in the calculation of his benefit.

Upon learning of the benefit reduction, Washburn filed an appeal to the OPM on April 14, 2005, stating that he was not aware of his entitlement to receive credit for military service time prior to retiring, and seeking to pay the required deposit. On May 23, 2005, the OPM determined that Washburn was adequately notified of the need to pay the deposit prior to retiring, that he failed to make the deposit during the required time period, and that the reduction of Washburn's annuity upon reaching age sixty-two and becoming eligible for Social Security was therefore required.

Washburn timely appealed the decision of the OPM to the Board. On September 30, 2005, the Administrative Judge ("AJ") affirmed the decision of the OPM. The AJ determined that the documentary evidence consistently supported a finding that Washburn had clear notice that he had to make a deposit for his military service in order to avoid losing credit for that service at age sixty-two when he was eligible for Social Security, and that he failed to do so. The AJ also determined that in light of that unrebutted evidence, Washburn's uncorroborated and unsworn statement that he was

unaware of the need to make the deposit was insufficient to carry his burden of proving eligibility for benefits by a preponderance of the evidence.

On January 19, 2006, the initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113.  Washburn timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited.  We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).  Washburn has the burden of proving entitlement to retirement benefits by a preponderance of the evidence.  5 C.F.R. § 1201.56(a)(2); see also Licausi v. Office of Pers. Mgmt., 350 F.3d 1359, 1364 (Fed. Cir. 2003).

On appeal, Washburn argues that he was not informed that he would be eligible for the post-1956 military service credit only if he paid the deposit prior to his retirement. The government responds that the Board's decision is supported by substantial evidence.

We agree with the government that the Board correctly decided that Washburn was not entitled to the retirement benefit at issue.  Under the Omnibus Budget Reconciliation Act of 1982, Pub. L. No 97-253, §§ 306-07, 96 Stat. 763, 795-96 (1982), civil service retirees who retired after September 8, 1982 and performed active duty military service after December 31, 1956 may receive credit for that military service

under both CSRS and Social Security. In order to receive credit from CSRS for that military service upon reaching age sixty-two and becoming eligible for Social Security, the retiree must pay a deposit of seven percent of his or her estimated earnings or basic pay for the credited service time prior to retirement. If the deposit is not made prior to retirement, the retiree's payment is recomputed upon reaching age sixty-two and verification of Social Security eligibility without credit for the post-1956 military service.

Washburn bears the burden of proving by a preponderance of the evidence that he is entitled to the claimed retirement benefit. 5 C.F.R. § 1201.56(a)(2). Based on evidence including Washburn's SF 2801 retirement application form and OPM Form 1515, the Board found Washburn had adequate notice of the consequences of failing to pay the deposit to secure credit for his military service before retiring from his employing agency. Washburn's SF 2801 form indicates that he was aware that he had post-1956 military service and that he had not paid a deposit to his employing agency for that service. Although the AJ advised Washburn of the need to address the record documents submitted by the OPM, he did not challenge them before the AJ, nor did he challenge the record in his appeal to this court. In addition, the SF 2801-1 form that is a required attachment to the SF 2801 retirement application details the amount of post-1956 military service time credited to Washburn at the time of his retirement. Although the signature block of the SF 2801-1 form was stamped "unavailable to sign," and although the information on the form was certified by the Army on May 20, 2003, after Washburn's retirement, Washburn, again, did not challenge the relevance or accuracy of the SF 2801-1 document before the AJ or in his appeal here.

In light of this unchallenged documentary evidence, substantial evidence supports the Board's decision that Washburn failed to prove he is entitled to the retirement benefits at issue by a preponderance of the evidence. We have considered Washburn's additional "Memorandum of [Appeal]" received on September 11, 2006, but find no new challenge to the documentary evidence. We therefore affirm the Board's decision.

NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3147

CLYDE B. WASHBURN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

DYK, <u>Circuit Judge</u>, dissenting.

The petitioner is a retired federal employee who, prior to his retirement, failed to pay the deposit required to receive retirement credit for his active-duty military service pursuant to 5 U.S.C. § 8334(c) (2000).  The petitioner contends that he is entitled to make a late payment and receive credit.  The Merit Systems Protection Board ("MSPB") assumed, and the parties appear to agree, that petitioner was entitled to notice (prior to his retirement) as to the dates of any creditable military service.  The Office of Personnel Management ("OPM") does not dispute that the failure to provide such notice before the effective date of the retirement would entitle petitioner to pay the deposit late and to receive any appropriate credit.

OPM contends, and the Board agreed, that Washburn received notice of his creditable military service from contemporaneous documents.  The only document relied on by the Board, OPM, and the majority that noted the fact that Washburn had <u>creditable</u> military service was Form 2801-1.  However, on its face Form 2801-1 was

dated May 20, 2003, over two weeks after Washburn's retirement date (May 3, 2003) and almost two months after he submitted his retirement application (March 25, 2003). The Board opinion did not address this discrepancy, stating in a conclusory fashion that "[t]he appellant's retirement application also included an OPM SF 2801-1 form," nor does the majority address the discrepancy in the dates. On appeal we requested that OPM address this discrepancy. In response, OPM merely pointed to a checklist supposedly included in the retirement application that noted that the Form 2801-1 was attached. The clear post-retirement date of Form 2801-1 makes this checklist of dubious value, and the date on the checklist itself is illegible. In my opinion, the Board's conclusion that Washburn had notice of his creditable military service was not supported by substantial evidence. I would vacate the Board's decision and remand for further proceedings.